Read, J.
The question is, for what amount shall execution issue in favor of the person injured by neglect or failure to sell property levied upon, on judgment, recovered in an action of debt upon the sheriff’s official bond — the whole amount of the original judgment, or the-value of the property lost to the judgment creditor by such neglect?
By levy, the judgment creditor secures the entire property so soizcd in execution, to bo sold as the statute directs, and the proceeds to be applied in satisfaction of his judgment. The sheriff is by law made responsible for all property levied upon, and to safely keep, sell, and apply the proceeds under his execution. If not so safely kept and applied, to what extent is the judgment creditor injured ? To the extent of the value of the property thus lost. For what amount, then, shall execution issue in favor of the creditor suffering such injury by the neglect of the sheriff or judgment upon his official bond? The statute says on such “judgment execution may issue for such sum as it may be ascertained will be sufficient to indemnify tho ^person so suing.” The indemnity sufficient to do this is the value of the property lost by the sheriff’s neglect. How, then, can it be claimed that tho recovery must be for the whole amount of the judgment, when it is larger than the property lost? This would not be indemnity for loss, but satisfaction of the judgment. The statute only author *541 izes indemnity. Upon what principle, then, can it be claimed that the recovery should be for the whole amount of the original judgment, when the loss is less? Not upon any principle of justice or right, and could be authorized only from motives of public policy, by statute, as a penalty. .
It is true, upon amercement, the recovery is for the whole amount of the judgment, with a penalty; but that provision of the statute is highly penal, and oftentimes extremely harsh, arid is never applied by the court, except forced by the most rigid construction, and forms not, in our minds, the slightest criterion as to the amount to be recovered on action of debt upon á sheriff’s bond. But to give the amount of the original judgment, as claimed in this action, would be even harder than the statute of amercement, as that leaves him to have execution upon the original judgment for his own benefit, while this would compel him to satisfy it beyond what he had lost, and then leave him to shift as ho best might. This court, not being compelled by statute to such an act, refrain, and permit execution under the judgment, for the jmnalty in the bond, to issue for the value of the property lost, to the amount found in the common pleas, as agreed by the plaintiffs to this suit.
Judgment accordingly.